## UNITED STATES DISTRICT COURT
## DISTRICT OF NEW JERSEY

| | |
|---|---|
| **SIMON CEDENO IBARRA, individually and on behalf of all other persons similarly situated who were employed D& L PAVING CONTRACTORS INC., and/or any other entities affiliated with, controlling, or controlled by D & L PAVING CONTRACTORS, INC., J & J PAVING & SEALCOATING CORPORATION, and any other entities affiliated with, controlling, or controlled by J & J PAVING & SEALCOATING COROPORATION, LLC, JOSEPH MATARAZZO, individually, and GERRY FARRO, individually,**<br><br>        Plaintiff,<br><br>vs.<br><br>**D& L PAVING CONTRACTORS INC., and/or any other entities affiliated with, controlling, or controlled by D & L PAVING CONTRACTORS, INC., J & J PAVING & SEALCOATING CORPORATION, and any other entities affiliated with, controlling, or controlled by J & J PAVING & SEALCOATING COROPORATION, LLC, JOSEPH MATARAZZO, individually, and GERRY FARRO, individually,**<br><br>        Defendants. | **CLASS AND COLLECTIVE ACTION COMPLAINT**<br><br>**Case No.:**<br><br><br>**Jury Trial Demanded** |

Plaintiff, SIMON CEDENO IBARRA ("Ibarra"), by and through his attorneys, upon personal knowledge as to himself and upon information and belief as to other matters alleged, bring this Action against Defendants D& L PAVING CONTRACTORS, INC., and/or any other entities affiliated with, controlling, or controlled by D & L PAVING CONTRACTORS, INC.

1

("D & L"), J & J PAVING & SEALCOATING CORPORATION, and any other entities affiliated with, controlling, or controlled by J & J PAVING & SEALCOATING COROPORATION, LLC (J & J")("Corporate Defendants"), JOSEPH MATARAZZO, individually, and GERRY FARRO, individually, ("collectively Defendants"), and allege as follows:

## PRELIMINARY STATEMENT

1.    This action is brought on behalf of Named Plaintiff and a putative class of individuals (collectively "Plaintiffs") who worked as masons, laborers, and in other construction-related trades for Defendants, and/or any other entities affiliated with, controlling, or controlled by the Defendants, to recover statutory wages and overtime payments, payment for unpaid supplemental benefits that Named Plaintiff and the members of the putative class were statutorily and contractually entitled to receive for work they performed on numerous privately financed projects (hereinafter referred to as the "Private Projects") and publicly financed  projects (the "Public Works Projects") pursuant to contracts with various government entities ("Government Entities").  The Government Entities _include but are not limited to_ the following: Verona Board of Education, Passaic Valley Water Commission, and Lincoln Park Board of Education. The Public Works Projects were undertaken and performed by the Corporate Defendants in accordance with the terms and conditions of certain "Public Works Contracts" entered into with the Government Entities between December 2016, and the present.

2.    Named Plaintiff brings this lawsuit, individually, and on behalf of similarly situated employees, seeking recovery against Defendants for Defendants' violation of the Fair Labor Standards Act, as amended (the "FLSA" or the "Act"), 29 U.S.C. §201 et. seq., the New Jersey State Wage and Hour Law, N.J.S.A. 34:11-56a et seq. ("NJWHL"), New Jersey Wage Payment

Law <u>N.J.S.A.</u>, 34:11-4.1, et. seq. (WPL), and the New Jersey State Prevailing Wage Act., N.J.S.A. 34:11-56.25 et seq. ("NJPWA").

3.      Plaintiff brings this lawsuit against Defendants as a non-exempt mason and associated construction laborer, who suffered damages as a result of Defendants' violations of the FLSA pursuant to the collective action provisions of 29 U.S.C. § 216(b) and  the class action provisions of Rule 23, Fed.R.Civ.P, the New Jersey State Wage and Hour Law, N.J.S.A. 34:11-56a et seq. ("NJWHL"), New Jersey Wage Payment Law <u>N.J.S.A.</u>, 34:11-4.1, et. seq. (WPL)**,** and the New Jersey State Prevailing Wage Act., N.J.S.A. 34:11-56.25 et seq. ("NJPWA") pursuant to the class action provisions of New Jersey Court R. 4-32.

## <u>JURISDICTION AND VENUE</u>

4.      This Court has subject matter jurisdiction over Plaintiff's FLSA claims pursuant to 28 U.S.C. § 1331 and by 29 U.S.C. § 216(b).

5.      This Court has subject matter jurisdiction over Plaintiff's NJWHL, WPL, and NJPWA claims pursuant to 28 U.S.C. §§ 1332 and 1367.

6.      Venue is proper in the District of New Jersey pursuant to 28 U.S.C. § 1391(b)(2) because a substantial part of the events or omissions giving rise to the claims occurred in this district.

7.      At all times material hereto, Named Plaintiff performed non-exempt mason and other construction labor duties for the Defendants in New Jersey.

8.      The Corporate Defendants are headquartered in Essex County, New Jersey and are therefore, within the jurisdiction and venue of this Court.

9.      At all times pertinent to this Complaint, the Corporate Defendants are enterprises which are engaged in interstate commerce or in the production of interstate goods for commerce

as defined by the Act, 29 U.S.C. §§ 203(r) and 203(s).  The Corporate Defendants routinely purchase materials and products from out of state, these products which are delivered through the channels of interstate commerce. The Corporate Defendants routinely perform construction work in New Jersey and use the channels of interstate commerce to perform its jobs. The Corporate Defendants further routinely accept credit card payments, which involve interstate business and financing transactions.

10.   The Corporate Defendants are joint employers of Plaintiff within the meaning of 29 C.F.R. §791. More specifically, among other things, Plaintiff's pay rate was approved by D & L and J & J, and upon information and belief, Plaintiff was hired by both D & L and J & J.

11.   In addition to the Corporate Defendants being engaged in interstate commerce, Plaintiff worked in interstate commerce, i.e., using the tools and products which have moved through interstate channels so as to produce an end product for Defendants' consumers. Thus, the Defendants and Plaintiff fall within the protections of the Act.

## **PARTIES**

12.   Named Plaintiff Simon Cedeno-Ibarra is an adult individual who is a resident of Newark, Essex County, New Jersey.

13.   Named Plaintiff Ibarra was employed by Defendants full time as a mason laborer performing concrete work primarily for Defendants from in or about 2015, through in or about 2018.

14.   Upon information and belief, D & L maintains a construction business, which is headquartered at 681 Franklin Avenue, Nutley, New Jersey, and which operates throughout the State of New Jersey.

15. Upon information and belief, J & J maintains a construction business, which is headquartered at 681 Franklin Avenue, Nutley, New Jersey, and which operates throughout the State of New Jersey.

16. Upon information and belief, at all times relevant to this Complaint, the Defendants employ individuals to perform labor services on behalf of the Defendants.

17. Upon information and belief, at all times relevant to this Complaint, each of the Corporate Defendants' annual gross volume of sales made or business done was not less than $500,000.00.

18. At all times relevant to this Complaint, D & L was and is an employer engaged in interstate commerce under the Fair Labor Standards Act, 29 U.S.C. § 201 et seq.

19. At all times relevant to this Complaint, J & J was and is an employer engaged in interstate commerce under the Fair Labor Standards Act, 29 U.S.C. § 201 et seq.

20. Upon information and belief, Individual Defendant Joseph Matarazzo is a New Jersey resident, residing in Essex County, NJ., Individual Defendant Matarazzo has been an owner, partner, officer, and/or manager of the Defendant D & L and the Defendant J & J.

21. Upon information and belief, at all times relevant to this Complaint, individual Defendant Matarazzo has had power over personnel decisions at the Defendants D & L and J & J businesses.

22. Defendant Matarazzo managed D & L's and J & J's day to day operations, controlled their employees, their pay practices and had the power to change same, as well as had the power to hire and fire employees, set their wages, and otherwise control the terms of their employment.

23. Upon information and belief, at all times relevant to this Complaint, individual Defendant Farro has been an owner, partner, officer and/or manager of Defendants D

& L and J & J.

24.   Upon information and belief, Individual Defendant Farro is a New Jersey

state resident and has been an owner, partner, officer, and/or manager of the Defendants D & L

and J & J.

25.   Upon information and belief, at all times relevant to this Complaint,

individual Defendant Farro has had power over personnel decisions at the Defendants D & L's

and J & J's businesses.

26.   Defendant Farro managed the day to day operations of D & L and J& J, controlled

the D & L and J & J's employees, the D & L and J & J's pay practices, had the power to change

same, as well as had the power to hire and fire employees, set their wages, and otherwise control

the terms of their employment.

## CLASS AND COLLECTIVE ALLEGATIONS

27.   This action is properly maintainable as a collective action pursuant to the Fair Labor

Standards Act, 29 U.S.C. § 216(b) and as a class action pursuant to Rule 23.

28.   This action is brought on behalf of the Named Plaintiff and a putative collective class

consisting of similarly situated employees who performed work for Defendants.

29.    The Named Plaintiff and potential plaintiffs who elect to opt-in as part of the

collective action are all victims of the Defendants' common policy and/or plan to violate the FLSA

by failing to provide all of the Plaintiffs' overtime wages, at the rate of one-and-one half times the

regular rate of pay, for all time worked in excess of 40 hours in any given week pursuant to 29

U.S.C. § 207, as well as the prevailing wage rate pursuant to the NJPWA.

30.    The FLSA action is properly maintainable as a collective action pursuant to 29

U.S.C. § 216(b).

31.    Plaintiff's claims under the NJWHL, WPL, and the NJPWA are properly maintainable as a class action pursuant to NJ Rules of Ct., Rule 4:3-2, and Rule 23 of the Federal Rules of Civil Procedure, as well as pursuant to N.J.S.A. §34:11-56.25a and N.J.S.A §34:11-56.40

32.    The putative class is so numerous that joinder of all members is impracticable. During the relevant time period, the size of the putative class is believed to be in excess of 50 employees.  In addition, the names of all potential members of the putative class are not known.

33.    The claims of the Named Plaintiff are typical of the claims of the putative class. The Named Plaintiff and the putative class members were all subject to Defendants' policies and willful practices of failing to pay employees all earned straight time wages, overtime wages, and prevailing wages. The Named Plaintiff and the putative class members thus have sustained similar injuries as a result of Defendants' actions.

34.    Upon information and belief, Defendants uniformly applied the same employment policies, practices, and procedures to all mason and associated construction laborers who work or worked at the Defendants' jobsites.

35.    The Named Plaintiff and his counsel will fairly and adequately protect the interests of the putative class.  The Named Plaintiff has retained counsel experienced in complex wage and hour class and collective action litigation.

36.    A class action is superior to other available methods for the fair and efficient adjudication of this controversy.  The individual Named Plaintiff and putative class lack the financial resources to adequately prosecute separate lawsuits against Defendants.  Furthermore, the damages for each individual are small compared to the expense and burden of individual prosecution of this litigation.

37.    A class action under Rule 23 and a collective action under § 216(b) also prevent

unduly duplicative litigation resulting from inconsistent judgments pertaining to the Defendants' policies.

## FACTS

38.    Based upon the information preliminarily available, and subject to discovery in this cause, the Defendants did not properly compensate Named Plaintiff, and those similarly situated employees, for all straight time hours worked in a work week, for all overtime hours worked in a work week, and/or for all prevailing wage hours worked in a work week.

39.    Named Plaintiff Ibarra was an hourly employee and his hourly rate of pay ranged from approximately $8.00 to $40.00 per hour for all hours worked on both private jobs and public jobs.  Named Plaintiff Ibarra was not paid for all hours worked.

40.    Named Plaintiff Ibarra routinely worked approximately forty (40) to forty five (45) hours per workweek from the months of April through November.

41.    Upon information and belief, during the time period at issue, employees similarly situated to Named Plaintiff were also not compensated at the required prevailing wage rate for public jobs, were not paid for all hours worked, and were not paid at time and one half for any hours worked in excess of forty (40) in a workweek.

42.    Defendants have engaged in a widespread pattern, policy, and practice of violating the FLSA, NJWHL, and WPL as described in this Complaint.

43.    At all times material hereto, Plaintiff and all similarly situated employees were performing their duties for the benefit of and on behalf of Defendants.

44.    This cause of action is brought to recover from Defendants straight time compensation, overtime compensation, prevailing wage compensation, liquidated damages, treble damages, and the costs and reasonable attorneys' fees under the provisions of 29 U.S.C. §216(b),

as well as applicable provisions of NJWHL, WPL, and the NJWPA, on behalf of Named Plaintiff and all other current and former employees similarly situated during the material time.

45.    At all times pertinent to this complaint, Defendants failed to comply with Title 29 U.S.C. §§ 201-209, as well as applicable provisions of the NJWHL, WPL, and the NJWPA, in that Named Plaintiff and those similarly situated employees performed services and labor for Defendants for which Defendants made no provision to pay Named Plaintiff and other similarly situated employees compensation to which they were lawfully entitled for all of their hours worked in  work week, whether they were for time worked up to forty (40) hours in a work week, time worked in excess of forty (40) hours in a work week, and/or time worked on prevailing wage jobs in a work week.

46.    Upon information and belief, pursuant to N.J. Stat. §§ 34:11-56.27; 34:11-56.28, each of the Public Works Contracts for work to be performed in New Jersey contained a provision specifying the prevailing wage rate to be paid to all workmen on the Public Works Projects and mandating the payment of same to Named Plaintiff.

47.    The "prevailing rate of wage" and "supplemental benefit" is the rate of wage and benefit paid in the locality by virtue of collective bargaining agreements between bona fide labor organizations and employers of the private sector.  See N.J. Stat. §§ 34:11-56.27; 34:11-56.28.

48.    Upon information and belief, pursuant to N.J. Stat. §§ 34:11-56.27; 34:11-56.28, the prevailing wage rate must be paid to all workmen on Public Works Projects, such as those worked on by the Named Plaintiff.

49.    The additional persons who may become Plaintiffs in this action are Defendants' laborers who have worked on Defendants' jobsites, on or after December 2016, and were not properly compensated for all hours worked.

50.    Named Plaintiff has retained the law office of Jaffe Glenn Law Group, P.A. to represent him individually and incurred attorneys' fees and costs in bringing this action.  Pursuant to 29 U.S.C. § 216(b), as well as relevant provisions of the NJWHL, WPL, and NJPWA, Named Plaintiff is entitled to recovery of reasonable attorneys' fees and costs.

51.    Upon information and belief, pursuant to N.J. Stat. §§ 34:11-56.27; 34:11-56.28, each of the Public Works Contracts for work to be performed in New Jersey contained a provision specifying the prevailing wage rate to be paid to all workmen on the Public Works Projects and mandating the payment of same to Plaintiff.

52.    The "prevailing rate of wage" and "supplemental benefit" is the rate of wage and benefit paid in the locality by virtue of collective bargaining agreements between bona fide labor organizations and employers of the private sector.  See N.J. Stat. §§ 34:11-56.27; 34:11-56.28.

53.    Upon information and belief, pursuant to N.J. Stat. §§ 34:11-56.27; 34:11-56.28, the prevailing wage rate must be paid to all workmen on Public Works Projects, such as those worked on by the Named Plaintiff.

54.    Upon information and belief, beginning in or about 2015, Defendants entered into a number of Public Works Contracts to perform, inter alia, masonry work, and other related construction work with the Government Entities, or prime contractors, at the sites of the Public Works Projects.

55.    Upon information and belief, a schedule of prevailing rates of wages and supplemental benefits ("Prevailing Wage Schedule") to be paid was annexed to and was made a part of each contract.

56.    This promise to pay and ensure payment of the prevailing wage and

supplemental benefit rates in the contracts between Defendants and the Government Entities and/or the prime contractors of record was made for the benefit of all workers furnishing labor on the sites of the Public Works Projects and, as such, the workers furnishing labor on the sites of the Public Works Projects are the beneficiaries of that promise.

57.    Upon information and belief, beginning in or about 2015, Defendants entered into a number of contracts to perform work on the Private Projects where payment of time and one-half an employee's regular hourly rate of pay was required for all hours worked in excess of 40 hours in a consecutive seven-day workweek.

58.    Defendants have engaged in a widespread pattern, policy, and practice of violating the FLSA, NJWHL, WPL, and NJPWA as described in this Complaint.

59.    At all times material hereto, Named Plaintiff was performing his duties for the benefit of and on behalf of Defendants.

60.    Plaintiff has retained the law office of Jaffe Glenn Law Group, P.A. to represent him individually and has incurred attorneys' fees and costs in bringing this action. Pursuant to 29 U.S.C. § 216(b), Plaintiff is entitled to recovery of reasonable attorneys' fees and costs.

## COUNT I
## RECOVERY OF OVERTIME COMPENSATION
## PURSUANT TO THE FLSA

61.    Plaintiff re-alleges, and incorporates here by reference, all allegations contained in Paragraphs 1 through 60 above.

62.    Plaintiff and all other similarly situated employees of Defendants are entitled to be paid additional compensation for each of their overtime hours worked per work period.

63.    Defendants knowingly and willfully failed to pay Plaintiffs at one and one-half times

their regular rate of pay for all of their overtime worked in a work week.

64.   By reason of the said intentional, willful, and unlawful acts of Defendants, Plaintiffs have suffered damages plus incurring costs and reasonable attorneys' fees.

65.    As a result of Defendants' willful violations of the Act, Plaintiffs are entitled to liquidated damages.

## COUNT II
## RECOVERY OF OVERTIME COMPENSATION
## PURSUANT TO THE NJWHL

66.   Plaintiff re-alleges and incorporates here by reference, all allegations contained in Paragraphs 1 through 65 above.

67.    Defendants' aforementioned conduct is in violation of New Jersey Statutes §§ 34:11-56a4 et seq., the Defendants willfully failed to pay Plaintiffs their statutorily required overtime compensation for the time they worked in excess of forty hours a week for the Defendants Contractors on the New Jersey Public Works Projects and on the Private Projects.

68.   As a direct and proximate cause of Defendants' actions, Plaintiffs suffered damages, including but not limited to past lost earnings.

## COUNT III
## RECOVERY OF WAGES PURSUANT
## TO THE WPL

69.   Plaintiff re-alleges and incorporates here by reference, all allegations contained in Paragraphs 1 through 68 above.

70.    Defendants' aforementioned conduct is in violation of New Jersey Statutes §§

34:11-4.1 et seq., the Defendants willfully failed to pay Plaintiffs their statutorily required wages for the time he worked for the Defendant Contractors on the New Jersey Public Works Projects and on the Private Projects.

71.    As a direct and proximate cause of Defendants' actions, Plaintiffs suffered damages, including but not limited to past lost earnings.

**COUNT IV**
**RECOVERY OF PREVAILING WAGE COMPENSATION**
**PURSUANT TO THE NJPWA**

72.    The Named Plaintiff repeats and realleges the allegations set forth in paragraphs 1 through 71 hereof.

73.    New Jersey Statute 34:11-56.40 provides that "if any workman is paid less than the prevailing wage to which such workman is entitled under the provisions of this act such workman may recover in a civil action the full amount of such prevailing wage less any amount actually paid to him or her by the employer, together with costs and such reasonable attorney's fees."

74.    Defendants willfully paid Plaintiffs less than the prevailing rates of wages and supplemental benefits to which Plaintiffs were entitled for the labor which they furnished to Defendants on the sites of the Public Works.

**COUNT V**
**RECOVERY OF MONIES RECEIVED BY DEFENDANT**
**PURSUANT TO N.J.S.A. 2A:44-148**

75.    The Named Plaintiff repeats and realleges the allegations set forth in paragraphs 1 through 74 hereof.

76.    New Jersey Law imposes a trust on all monies "paid by the state of New Jersey or by any agency, commission or department thereof, or by any county, municipality or school district in the state, to any person pursuant to the provisions of any contract for any public improvement

made between any such person and the state of New Jersey or by any agency, commission or department thereof, or by any county, municipality or school district in the state."

77.     This trust is created in the hands of the person receiving such monies "pursuant to the provisions of any contract for any public improvement made between any such person and the state of New Jersey or by any agency, commission or department thereof, or by any county, municipality or school district in the state," as contractor, for the benefit of the workmen who provided labor on the Projects, "until all claims for labor, materials and other charges incurred in connection with the performance of such [ government contracts] shall have been fully paid."

78.     Upon information and belief, the Defendants received monies for work and services provided pursuant to the government or utility company contracts.

79.     As previously alleged, the Defendants have failed to pay Plaintiffs the prevailing rate of wages for work already performed on the Public Works Projects.

**COUNT VI**
**RECOVERY AGAINST DEFENDANT**
**PURSUANT TO DEFENDANT'S BREACH OF FIDUICARY DUTY**

80.     Plaintiff repeats and realleges the allegations set forth in paragraphs 1 through 79 hereof.

81.     New Jersey law imposes a trust on all monies paid to contractors for the benefit of workers and materialmen who provide labor and materials on construction projects.

82.     Consequently, the Defendants, individually and jointly, have a fiduciary responsibility to Plaintiffs to ensure the payment of prevailing wages to the Plaintiffs.

83.     On information and belief, the Defendants have diverted the monies received from the State of New Jersey, the public utility, or other government entity and allocated such funds for improper purposes or purposes other than the payment of wages due the Plaintiffs.

84.     By reason of these willful violations, the Defendants are individually and jointly liable to Plaintiffs for an amount to be determined at trial, plus costs, fees and interest.

**JURY TRIAL**

85.   Plaintiff demands a jury trial.


WHEREFORE, Plaintiff SIMON CEDENO IBARRA, individually and on behalf of all other persons similarly situated who were employed by Defendants, demands judgment, against Defendants D& L PAVING CONTRACTORS INC., and/or any other entities affiliated with, controlling, or controlled by D & L PAVING CONTRACTORS, INC. ("D & L"), J & J PAVING & SEALCOATING CORPORATION, and any other entities affiliated with, controlling, or controlled by J & J PAVING & SEALCOATING COROPORATION (J & J"), JOSEPH MATARAZZO, individually, and GERRY FARRO, individually, for the payment  of compensation for all wages due him and all others similarly situated employees of Defendants for the time worked by them for which they have not been properly compensated, liquidated damages, reasonable attorneys' fees and costs of suit, and for all other appropriate relief.

Dated: December 2, 2022                    Respectfully submitted,

        s/ Andrew I. Glenn
Andrew I. Glenn, Esquire
E-mail: Aglenn@JaffeGlenn.com
Jodi J. Jaffe, Esquire
E-mail:  Jjaffe@JaffeGlenn.com
**JAFFE GLENN LAW GROUP, P.A.**
300 Carnegie Center, Suite 150
Princeton, New Jersey 08540
Telephone: (201) 687-9977
Facsimile: (201) 595-0308
*Attorneys for Plaintiff and the putative class*